UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KERRY KEENAN,<br><br>            Plaintiff,<br><br>  -against-<br><br>PUBLICIS, INC.,<br><br>            Defendant. | Civil Action No. 08-CV-01582 (JSR)<br><br>**ANSWER AND DEFENSES** |

Defendant Publicis, Inc. ("Defendant"), by its attorneys, Epstein Becker & Green, P.C., hereby files its Answer and Defenses to the Complaint filed by Plaintiff Kerry Keenan ("Plaintiff").

## ANSWER

### NATURE OF THE ACTION

1.    To the extent there are allegations contained in Paragraph 1 of the Complaint to which Defendant must respond, which Defendant contends there are not, Defendant denies that it engaged in any unlawful discriminatory practices relating to Plaintiff's employment in violation of any law, rule, regulation, code, or statute.

2.    To the extent there are allegations contained in Paragraph 2 of the Complaint to which Defendant must respond, which Defendant contends there are not, Defendant denies that Plaintiff is entitled to the relief sought in this paragraph or to any relief whatsoever.

### JURISDICTION AND VENUE

3.    Defendant denies the allegations contained in Paragraph 3 of the Complaint, except admits that this Court has jurisdiction over this matter.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint, except admits that it regularly does business within the Southern District of New York and that venue is proper therein.

5. Defendant denies the allegations contained in the first sentence of Paragraph 5 of the Complaint, except admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of disability discrimination, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 5 of the Complaint. Defendant denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

PARTIES

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint, except admits that Publicis is a New York corporation and an employer, and that Publicis has certain organizational and/or business relationships with Publicis Groupe, S.A.

FACTUAL ALLEGATIONS

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, except admits, upon information and belief, that Plaintiff had a heart transplant.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

Keenan's Employment at Publicis

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint, except admits that Plaintiff began working for Publicis in August 2004 as a Group Creative Director.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint, except admits that Group Creative Directors at Publicis are responsible for, among other things, the development of advertising campaigns for clients and that Plaintiff was paired with Michael Long ("Long").

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, except admits that Plaintiff returned to work from short-term disability leave in May 2006.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, except admits that there were a number of issues with Plaintiff's performance, including her presence and visibility in the office.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint, except admits that Gill Duff was, among other things, Chief Executive Officer of Publicis NY and that, during a meeting Duff had with Long, Duff asked Long if he wanted a new partner, and Long responded that he did not.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint, except admits that Robert Moore was Chief Creative Officer.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint, except admits that Plaintiff began reporting to Eric Cosper ("Cosper") and Simeon Roane ("Roane") in or around mid-June 2006 and that they were, among other things, Executive Creative Directors.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint, except admits that at some point during her employment with Publicis, Plaintiff worked on an advertising campaign for a beer company.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint, except admits that Cosper and Roane often praised Long for the work that Long did.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

<u>Keenan's Dismissal from Publicis</u>

30. Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint, except admits that during the termination meeting, Cosper and Roane discussed a number of issues with Plaintiff concerning her performance, including, but not limited to, her presence and

visibility in the office, her lack of engagement with the work in the department, her failure to lead a team, her attitude, and her unwillingness to reach out and help when help was needed.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint, except avers that Plaintiff's position was not filled.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint, except admits that Plaintiff's employment was terminated because she failed to meet the performance standards of her position and for no other reason, and that it provided this information to the EEOC.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

### FIRST CAUSE OF ACTION

39. Defendant hereby repeats its responses to Paragraphs 1 through 38 of the Complaint as if set forth fully herein.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint, except denies knowledge or information as to whether Plaintiff was physically able to perform the essential functions of her job.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

### SECOND CAUSE OF ACTION

44. Defendant hereby repeats its responses to Paragraphs 1 through 43 of the Complaint as if set forth fully herein.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

### THIRD CAUSE OF ACTION

47.  Defendant hereby repeats its responses to Paragraphs 1 through 46 of the Complaint as if set forth fully herein.

48.  Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.  Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.  Defendant denies the allegations contained in Paragraph 50 of the Complaint.

### PRAYER FOR RELIEF

To the extent there are allegations contained in the paragraph of the Complaint labeled "Prayer for Relief" to which Defendant must respond, which Defendant contends there are not, Defendant denies that Plaintiff is entitled to the relief sought in this paragraph or any of its nine subparts, or to any relief whatsoever.

## DEFENSES

### First Defense

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### Second Defense

Plaintiff's claims of discrimination on the basis of an alleged disability are barred because she is not a qualified individual with a disability entitled to relief within the meaning of the statutes upon which she bases her claims.

### Third Defense

Plaintiff's claims are barred because at no time during her employment with Defendant did she request a reasonable accommodation expressly related to a purported disability.

### Fourth Defense

Plaintiff's claims are barred because any accommodations she may have requested during her employment with Defendant, whether related to a purported disability or not, were granted.

Fifth Defense

To the extent that disability was a factor in any conduct or action at issue herein, which allegation is denied, Defendant would have engaged in such conduct or action in the absence of the alleged consideration of disability.

Sixth Defense

Plaintiff's claims are barred because all actions taken by Defendant were taken for legitimate, nondiscriminatory reasons unrelated to Plaintiff's alleged disability.

Seventh Defense

Plaintiff's claims for damages are barred to the extent she has failed to mitigate.

Eighth Defense

To the extent that Defendant discovers evidence of acts or occurrences as to which it would have, if known to it, discharged Plaintiff, Plaintiff will be barred from recovery from Defendant from the point of such discovery.

Ninth Defense

At all times material to this action and the allegations set forth in the Complaint, Defendant acted lawfully and in good faith and without any intent to deny Plaintiff any rights under federal, state, or local law.

Tenth Defense

Plaintiff's Complaint must be dismissed, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct alleged discrimination in the workplace.

Eleventh Defense

To the extent that any of Plaintiff's claims arise out of conduct which occurred more than the requisite amount of days prior to the filing of an administrative charge, such claims are barred.

### Twelfth Defense

Plaintiff failed to act with reasonable care to take advantage of the preventive and corrective opportunities provided by Defendant regarding alleged discrimination and otherwise to prevent harm that could have been avoided.

### Thirteenth Defense

Some or all of Plaintiff's requests for damages are capped.

### Fourteenth Defense

Plaintiff's requests for punitive damages are barred because Defendant's actions were neither malicious nor in reckless indifference to Plaintiff's rights.

### Fifteenth Defense

Plaintiff's claims are barred to the extent they were not the subject of a timely-filed charge of discrimination.

### Sixteenth Defense

Some or all of Plaintiff's claims are barred by the doctrines of estoppel and/or waiver to the extent she failed to notify and/or complain to Defendant of the allegations asserted in her Complaint.

### Seventeenth Defense

Plaintiff's claims, in whole or in part, are barred to the extent they were not brought within the applicable statutes or periods of limitations.

WHEREFORE, having answered Plaintiff's Complaint, Defendant demands judgment against Plaintiff, dismissing the Complaint in its entirety, together with costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: March 31, 2008
     New York, New York

                                            s/Amy J. Traub
                                            Allen B. Roberts
                                            Amy J. Traub
                                            EPSTEIN BECKER & GREEN, P.C.
                                            250 Park Avenue
                                            New York, NY 10177
                                            (212) 351-4500
                                            *Attorneys for Defendant Publicis, Inc.*